65 So.2d 124

GODFREY v. LOWERY.

No. 38957.

April 27, 1953.

J. S. Pickett, John P. Godfrey, Many, for appellant.

Fraser & Fraser, Many, for appellee.

FOURNET, Chief Justice.

The plaintiff, Virginia Gaddis Godfrey, claiming that she has been damaged in a sum equal to that which it would cost to drill an oil and gas well on her property, fixed at $30,000, brought suit to recover that amount against Charles C. Lowery for alleged breach of contract on the ground that he was obligated to drill such a well under the terms of an oil, gas and mineral lease executed by her on July 18, 1945. The defendant's exceptions of no cause or right of action having been referred to the merits by the trial judge, the case was regularly tried, after which the exceptions were maintained and the suit dismissed. The plaintiff prosecutes this appeal.

The instrument under consideration is a regular "form lease," affecting an 80-acre tract in Sabine Parish composed of the E½ of NE¼, Section 24, T. 10 N., R. 11 W., executed for a cash consideration of $240, covering a primary term of five years and conditioned that a well be drilled on or before one year, with the usual stipulation

that such drilling could be deferred from year to year upon the payment of an agreed sum; it contains the usual clauses, including that for the payment of a ⅛th royalty in case of production in paying quantities. Paragraph 12 of the printed lease was deleted and a rider attached, providing: "Notwithstanding any other provisions contained herein it is understood and agreed that this lease shall be forfeited, and rendered null and void unless ██ on or before sixty days from the date lessee commences the actual drilling of a well at some point within one mile of the above described property and prosecutes such drilling with due diligence to a depth of 3,300 feet unless oil or gas is discovered in paying quantities at a lesser depth, and ██ if said well is completed as well capable of producing oil or gas in paying quantities, then, in the event, lessee shall commence the actual drilling of a well on some part of the land covered by this lease within 90 days after the completion of said first well and drill the same with due diligence to at least the depth where the oil or gas is found in paying quantities in the said first well. A well capable of producing 25 barrels of oil in 24 hours shall be considered as capable of producing in paying quantities."

It is appellant's contention that the foregoing paragraph contains "two stipulations;" separated as above indicated by the numbers in brackets, the first meaning "that unless the lessee began actual drilling within 60 days from the date of the lease, and

drilled to 3,300 feet, or found oil and gas in paying quantities at a lesser depth, the lease was null and void, terminated, and no longer in effect;" and the second, meaning that if such well were completed as a well capable of producing oil and gas in paying quantities, as was alleged to be a fact in this case, then in such event the lessee unqualifiedly obligated himself to commence the drilling of a well within 90 days on the property described in the lease. Having failed to do so, she claims that under the decision of this Court in Fite v. Miller, 196 La. 876, 200 So. 285, she is entitled to recover the cost of drilling such a well.

In this interpretation we do not concur. We think the trial judge properly construed the paragraph in controversy to mean that the defendant bound himself to drill a well within a mile of plaintiff's property within sixty days, to the designated depth; and in the event that this well should be brought in capable of producing oil and gas in paying quantities, to commence actual drilling of a well on some part of the property covered by the lease within 90 days thereafter, and prosecute the same to a depth where oil and gas were found in paying quantities in the first well; otherwise, to suffer the forfeiture of the lease. While it may be said that the paragraph is inartistically phrased, nevertheless, when considered as a whole and in the light of the provisions of the entire lease it is clear that the plaintiff did not wish her property to be encum-

bered during the whole of the primary term without development within the immediate area, and in the event of successful production therefrom, wished to provide that her property would be developed within a reasonable time thereafter—fixing the period at 90 days from completion of the first well—failure in which the lease would terminate.

For the reasons assigned, the judgment appealed from is affirmed.